## In re POWELL.

(District Court, S. D. Georgia. February 26, 1916.)

1. BANKRUPTCY ⊚⇒399—EXEMPTIONS—OBJECTIONS TO ALLOWANCE—EVIDENCE.

Civ. Code Ga. 1910, § 3380, provides that a debtor shall lose the benefit of his exemption if he is guilty of willful fraud in concealing assets. A bankrupt in September, 1913, made a financial statement showing assets amounting to $8,950 and no liabilities; in October, 1914, he made another statement showing assets of $8,500 and liabilities of only $2,000. His schedules in bankruptcy, filed in January, 1915, showed liabilities of almost $6,000 and assets of about $3,000. *Held*, that the statements and schedules made a prima facie case of concealment on the part of the bankrupt, and cast upon him the burden of showing that the statements were false when made, or of explaining what became of his assets, and in the absence of such explanation it would be conclusively presumed that he was concealing a portion of his assets.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ⊚⇒399.]

2. BANKRUPTCY ⊚⇒400—EXEMPTIONS—OBJECTIONS TO ALLOWANCE—EVIDENCE.

On objections to the allowance of an exemption to a bankrupt on the ground that he had concealed assets, financial statements made prior to bankruptcy were competent evidence as admissions on the bankrupt's part as to his net worth at the time they were made.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. ⊚⇒400.]

In Bankruptcy. In the matter of C. L. Powell, bankrupt. On petition to review order of referee allowing an exemption to the bankrupt. Matter referred back to the referee.

Hardeman, Jones, Park & Johnston, of Macon, Ga., and H. A. Peacock, of Albany, Ga., for objectors.
D. H. Redfearn, of Albany, Ga., for bankrupt.

LAMBDIN, District Judge. The trustee and certain creditors filed objections to the allowance of an exemption to the bankrupt, and to an order granted by the referee overruling the objections and approving the exemption, the objectors filed the petition, which is now before me, asking for a review of this order.

The court is of the opinion that the referee was correct in overruling all the objections filed by the objectors, except the objections which were based upon the concealment of assets as shown by the mercantile statements previously made by the bankrupt to R. G. Dun & Co. and the M. C. Kiser Company, compared with what appeared in his schedules—as to which matters the court is in doubt.

The statement made by the bankrupt to R. G. Dun & Co. on September 20, 1913, showed total assets of $8,950 and no liabilities, and the statement made to M. C. Kiser Company on October 29, 1914,

about two months before he went into bankruptcy, showed total assets of $8,500 and liabilities of only $2,000, leaving a net worth of $6,500; whereas, his schedules filed on January 6, 1915, showed liabilities of $5,927.72, and assets of only $3,187.13. It would seem, from the report of the referee and the briefs of counsel, that these statements, in accordance with the ruling of the court in the Peacock Case, reported in 30 Am. Bankr. Rep. 179,[1] were considered almost entirely with reference to the question as to whether the bankrupt had by means of these statements secured merchandise from creditors for which he had not paid, and not with reference to the question as to whether or not the bankrupt had concealed and withheld money or property from his trustee, contrary to the provisions of section 3380 of the Code of Georgia of 1910, which provides that the debtor shall lose the benefit of his exemption if he is guilty of willful fraud in concealing part of his property from his creditors.

[1, 2] The court, therefore, directs a rehearing of the matter as to this last-named question, to wit, as to whether, as shown by said statements, compared with his schedules in bankruptcy, the bankrupt was guilty of fraudulently concealing and withholding a part of his property from his trustee and creditors. There is no other evidence in the record which would tend to show that the bankrupt did not surrender all of his property to his trustee. But, if the two above-mentioned statements were true and correct statements of his financial condition at the times they were made, then there was a tremendous shrinkage in his assets between said times and the time he went into bankruptcy, and this shrinkage has not been satisfactorily explained. If only the Kiser Company statement were involved, the mind of the court would be satisfied to approve the finding of the referee, because it appears from the evidence that the bankrupt was partially intoxicated when he made the statement, and therefore it would be possible that the statement was incorrect on that account. Yet the bankrupt does not deny that the statement made to R. G. Dun & Co. was correct, and, if it was correct, then he should explain the great shrinkage in and disappearance of his assets to the satisfaction of the referee and the court; otherwise, it would be conclusively presumed that he was concealing a portion of his assets. These statements are competent evidence, as showing an admission on the bankrupt's part that at the times he made them his net worth was as set forth in same. The introduction of these recent statements and the schedules which he subsequently filed, therefore, makes out in favor of the creditors a prima facie case of concealment on the part of the bankrupt, and consequently the burden is cast upon the bankrupt, either to show that the statements were false when made, or else to explain what became of his assets; otherwise, the conclusion would follow that he was concealing a part of his assets. The court has read and re-read the evidence in the case carefully, and its mind is not satisfied on this question, but is of the opinion that very probably the referee and counsel did not give full consideration to the question above suggested. See opinion rendered by me a few days ago in Re Frank T. Hardy, Bankrupt, 229 Fed. 825.

[1] 203 Fed. 191.

It is therefore ordered that the matter be referred back to Hon. R. J. Bacon, the referee, to hear further evidence, and to give further consideration to the question as to whether in view of the above-named two statements, compared with the schedules filed by the bankrupt, there has been a fraudulent withholding and concealment by him of a portion of his assets. Of course, if any direct evidence can be furnished as to any money or assets that have been withheld from the trustee by the bankrupt, such new evidence would be admissible at the hearing.